UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

**ERICA EDWARDS**,                                    File No. 1:24-CV-00074

    Plaintiff,                                    Hon. Jane M. Beckering

v.

**DTN MANAGEMENT COMPANY**,

    Defendant.
_____

# PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY
_____

On August 21, 2024, Plaintiff, Erica Edwards, properly served Plaintiff's First Set of Discovery Requests on Defendant. Defendant has failed to provide adequate responses to those requests. Plaintiff respectfully requests that this Court enter an order pursuant to Federal Rules of Civil Procedure 37(a) compelling Defendant to respond completely to discovery requests which were due almost two months ago. Plaintiff requests that the Court order production of all missing discovery no later than November 25, 2024, and grant all other necessary and proper relief, including but not limited to attorney fees and costs. Plaintiff further requests that the Court consider this Motion on an expedited basis so that she can review the overdue discovery before she has to respond to Defendant's offer of judgment.

## BACKGROUND

In 2022, Plaintiff applied for tenancy at an apartment complex managed by Defendant. Defendant employed a tenant screening agency to run a background check on Plaintiff, and that agency concluded that Plaintiff had a criminal conviction that did not meet Defendant's property requirements. Defendant denied Plaintiff's application for tenancy based on the criminal conviction. In fact, Plaintiff's criminal conviction had been expunged, and she notified the rental screening agency of that fact. The rental screening agency corrected its report and concluded that Plaintiff met the property's requirements. Nonetheless, Defendant maintained its denial of Plaintiff's application. Plaintiff subsequently filed a complaint against Defendant asserting claims under the Fair Housing Act and Michigan's Elliot Larsen Civil Rights Act.

On August 21, 2024, Plaintiff served upon Defendant interrogatories and requests for production of documents. Plaintiff has yet to receive adequate responses to her requests.

- On September 24, 2024, after receiving no response to the discovery requests, Plaintiff's Counsel reached out to Defendant's Counsel. Defendant's Counsel responded that Defendant was working to get responses and requested that Plaintiff agree to a protective order because some of the records contained proprietary information.

- Thereafter, the parties discussed terms of a proposed protective order but were unable to come to an agreement. Plaintiff's Counsel informed

Defendant's Counsel that Plaintiff needed the documents requested, and that Defendant could file a motion for a protective order if necessary.

- On October 16, 2024, Defendant's Counsel provided some "non-confidential" documents.

- On October 28, 2024, Defendant's Counsel provided additional documents.

- On November 4, 2024, Plaintiff's Counsel sent an email to Defendant's Counsel identifying the specific instances in which Defendant's responses were insufficient. Plaintiff's Counsel provided a deadline of November 8, 2024 to Defendant to update its responses.

- On November 11, 2024, Defendant's Counsel responded that Defendant was continuing to work on responses.

- On November 12, 2024, Plaintiff's Counsel notified Defendant's Counsel that she intended to file a motion to compel discovery. The following day, Defendant served upon Plaintiff an offer of judgment.

## ARGUMENT

Federal Rule of Civil Procedure 37(a) permits a party to seek an order compelling compliance with discovery rules by parties to litigation. A party may move for an order compelling discovery if a party fails to answer an interrogatory or a party fails to produce documents. Fed. R. Civ. P 37(a)(3)(B). In this case,

Defendant has provided incomplete or inadequate responses to interrogatories and requests for production of documents.

Defendant failed to provide sufficient responses to several interrogatories:

- Plaintiff asked whether any individuals who have criminal records have been extended an offer of tenancy since 2016. Defendant responded that an individual would be extended an offer under certain circumstances but failed to state whether an individual had been extended such an offer.
- Plaintiff asked Defendant to describe the policy used to evaluate individuals with criminal records, as well as how it had described such policy to RentGrow, the tenant screening agency that Defendant used to screen tenant applications. Defendant responded by describing how an employee handles tenant applications that are flagged for issues like bad credit, but did not describe the policy used to evaluate applicants with criminal records. Defendant refused to answer how it described its policy to RentGrow.

In addition, several of the responses that Defendant provided to Plaintiff in response to her request for production of documents appear to be incomplete.

- Plaintiff requested all documents and communications related to Plaintiff, including documents and communication related to her application for tenancy. Defendant provided a mere five pages of documents, which do not include documents like Plaintiff's tenant

- application and rental screening report (which Plaintiff knows exist), let alone any written communications (including emails or text messages) about Plaintiff or the decision to reject her application.
- Plaintiff requested all information related to applications by prospective tenants whose tenant screening report included a criminal conviction from 2016 to present, including the tenant application and screening report. In response Defendant provided only a one-page "Prospect Guest Card" created by the rental screening company for each tenant; it did not provide the rental application or screening report requested, let alone any other responsive documents.
- Plaintiff requested the policy for applicants with criminal convictions, but Defendant failed to provide any written policy. Instead, Defendant provided only a sheet from RentGrow, the tenant screening agency that it employs.

Plaintiff's Counsel has followed up on these requests to point out that they appear to be incomplete, but Defendant has not updated its responses to the interrogatories or provided further documents. Defendant's Counsel states that Defendant is searching for responsive documents, but that search should have been done months ago. Defendant's Counsel has not claimed any privilege that would protect these documents, nor has he provided any explanation as to why the records do not exist, or what has been done to identify and locate the requested documents. Moreover, time is of the essence – Plaintiff must provide Defendant's policy on

criminal convictions to her expert, and Plaintiff needs to complete depositions before the discovery period concludes in January 2025. In addition, once Plaintiff's Counsel notified Defendant's Counsel that she intended to file a motion to compel, Defendant served upon Plaintiff an offer for judgment. Plaintiff must respond to that offer of judgment within 14 days – before she would have the overdue discovery unless this Court expedites consideration of this Motion.

Accordingly, this Court should compel Defendants to respond to Plaintiff's interrogatories and produce all documents responsive to Plaintiff's requests. At a minimum, Plaintiff is entitled to specific responses to the existence and availability of the requested discovery, as well as explanation about what efforts were made to search for the requested documents if Defendants continue to produce little in response to these particular discovery requests.

## CONCLUSION

Plaintiff respectfully requests that this Court grant expedited consideration of this Motion and order Defendant to produce all documents responsive to the Plaintiff's discovery requests by November 25, 2024. Plaintiff also requests that the Court grant her all other necessary and appropriate relief, including an award of attorney fees and costs

          Respectfully submitted,
          PINSKY SMITH, P.C.

Dated: November 13, 2024         By: */s/ Sarah R. Howard*
         Sarah Riley Howard
         Elizabeth Geary
         Attorneys for Plaintiff

146 Monroe Center NW #418
Grand Rapids, MI 49503
showard@pinskysmith.com
egeary@pinskysmith.com